[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Ernest Goodman appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after being arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. Plaintiff's counsel did not appear for oral argument on the appeal, which was scheduled for May 30, 1997. Accordingly, the court, with the consent of the defendant commissioner, decides the appeal without hearing oral argument, on the basis of the parties' memoranda of law previously submitted. The court finds the issues in favor of the defendant commissioner.
In his brief, the plaintiff advances essentially three arguments in support of his appeal: (1) that there was insufficient evidence in the record before the hearing officer to support his determination that the police had probable cause to arrest the plaintiff; (2) that there was no evidence in the CT Page 6393 record to permit a finding that the police mailed the report of the incident to the motor vehicle department within three business days after the arrest as is required by subsection (c) of § 14-227b; (3) that suspension of a driver's license for six months for refusing to submit to a breath test is cruel and unusual punishment forbidden by the federal and state constitutions.
With respect to his probable cause argument, the plaintiff first contends that the A-44 report form and supplement should not have been admitted in evidence because the police officer who would have administered the test, if the plaintiff had agreed to submit to it, was the officer who signed the report as the witness to the refusal. There is nothing in the statute or regulations to suggest that the procedure followed here was in any way illegal or even irregular. The hearing officer correctly admitted the report in evidence.
The plaintiff also claims that the facts set forth in the report do not support a finding of probable cause. The court disagrees. The report indicates that the police officer stopped the plaintiff after observing him run a red light. The plaintiff smelled of alcohol and the officer noticed an open can of Budweiser on the floor of the car. The plaintiff failed all of the usual field sobriety tests. The facts set forth in the report clearly added up to probable cause to arrest on the drunk driving charge.
The argument that the police did not comply with the requirement regarding the mailing of the report to the motor vehicle department has been specifically rejected by our Appellate court. Peters v. Department of Motor Vehicles,26 Conn. App. 937 (1992).
The plaintiff provides no case law or other authority to support his contention that the suspension in this case amounted to unconstitutional punishment. To the contrary, § 14-227b
specifically requires the defendant commissioner to order the suspension. Validly enacted statutes are presumed constitutional and the burden of proving otherwise is always on the plaintiff. The plaintiff has not sustained that burden in this case.
The appeal is dismissed.
MALONEY, J. CT Page 6394